STATE OF CONNECTICUT *v.* CARLOS
RODRIGUEZ, SR.
(SC 17637)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued March 6—officially released April 3, 2007

*Charles F. Willson*, special public defender, for the appellant (defendant).

*Erik T. Lohr*, deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Craig P. Nowak*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Carlos Rodriguez, Sr., appeals, following our grant of his petition for certification,[1] from the judgment of the Appellate Court affirming his judgment of conviction of possession of

---

[1] We granted the defendant's petition for certification to appeal limited to the following issue: "Whether the Appellate Court properly affirmed the trial court's decision denying defense counsel's motion to withdraw?" *State v. Rodriguez*, 277 Conn. 930, 896 A.2d 102 (2006).

narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), and possession of narcotics with the intent to sell within 1500 feet of a public housing project in violation of General Statutes § 21a-278a (b). *State* v. *Rodriguez*, 93 Conn. App. 739, 741, 890 A.2d 591 (2006). The defendant claims that the Appellate Court improperly concluded, inter alia,[2] that the trial court did not abuse its discretion by denying his trial counsel's motion to withdraw from representing him on the basis of a conflict of interest. Id., 747–48. Specifically, the defendant contends that: (1) a conflict of interest existed because he had filed a grievance against his trial counsel based on his dissatisfaction with how that attorney had handled plea negotiations; and (2) the trial court failed to conduct a sufficient inquiry about the existence and impact of the potential conflict.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[2] The Appellate Court also rejected the defendant's claims that "there was insufficient evidence to support a conviction of possession of narcotics"; *State* v. *Rodriguez*, supra, 93 Conn. App. 741; and that the trial court "improperly instructed the jury regarding nonexclusive possession." Id.